# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

v.                                    Crim No. 14-164 (FAB)

[30] JOSÉ RAMÍREZ-MARRERO

Defendant

## ORDER

On November 9, 2021, the U.S. Probation Office ("USPO") filed a motion notifying Defendant's violations to his conditions of supervised release and requesting an arrest warrant. Docket No. 2565. The motion informed that, on November 7, 2021, the Defendant was charged in Reading City, Pennsylvania with "strangulation-applying pressure to throat or neck, simple assault, terroristic threats with intention to terrorize another and harassment". Id. The USPO requested an arrest warrant. Id. The motion at Docket No. 2565 charged Defendant with violation to the following mandatory condition of release: "[t]he defendant shall not commit another federal, state or local crime.". The state court charges were eventually dismissed.

Pursuant to Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure, "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred.". Fed.R.Crim.P. 32.1(b)(1)(A). The concept of probable cause is narrow in scope. "[P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551 * 1 (D.R.I.) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987) and United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013)). Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings or in revocation proceedings. Fed.R.Evid. 1101(d)(3). A finding of probable cause may be based, in whole or in part, on hearsay evidence. See Morrissey v. Brewer, 408 U.S. 471, 487 (1972); United States v. Rondeau, 430 F.3d 44, 47–48 (1st Cir. 2005).

The case was called for the preliminary revocation hearing on February 9, 2022. Docket No. 2640. The Government called USPO Desirée Torres and Officer Thomas Lloyd from the Police Department of Reading City, Pennsylvania. USPO Torres testified that the alleged victim of domestic violence, Natacha Rosario, informed her that Defendant did not hit her son, that her son lied in the written statement provided to the police, and that Defendant did not hit her on purpose. In turn, Officer Lloyd testified that, according to statements made by Natacha Rosario on

the day of the incident, Natacha Rosario was hit by Defendant in the face and fell to the ground, that her son came to help her, and that Defendant choked him using both hands.

The defense called Natacha Rosario who under oath testified in no uncertain terms that, on November 7, 2021, she was having an argument with Defendant and that her son attacked the Defendant. She also testified that Defendant did not hit her and did not hit her son, but rather held him with force to avoid the aggression. Natacha Rosario further testified under oath that her testimony was voluntary, that she was not threatened or coerced to testify, and that she did not feel threatened by the Defendant.

Even though there are two versions of the facts that occurred on November 7, 2021, given the testimony under oath of the alleged victim, the Court finds that there is no probable cause that Defendant violated his conditions of supervised. Defendant is to be released immediately. He is instructed to report to the USPO in Puerto Rico no later than 9:00 a.m. after the day of his release. He is to continue abiding by all conditions of his supervised release term.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of February 2022.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge
